**Armando Acampado BALDADO,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–72355.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Love Macione Suh, Reeves & Associates, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, Joanne E. Johnson, Esq., Lisa J. Stark, Esq., DOJ—U.S. Department of Justice Civil Rights

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Division/Appellate Section/Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Armando Acampado Baldado, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), we grant the petition for review, and remand for further proceedings.

■ Because the IJ did not make an explicit adverse credibility finding, we accept Baldado's testimony as true. *See id.* at 1114. His testimony compels a conclusion that Baldado established past persecution on account of his political opinion. Baldado testified that members of the New People's Army ("NPA") tampered with the steering mechanism of his car, causing an accident, and sent him a threatening letter. Baldado fled to another region of the Philippines, but, shortly thereafter, members of the NPA fired multiple shots at the home in which he was staying. *See Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir.2002) (petitioner established past persecution where he was the victim of staged car crashes that put him at serious risk of injury or death); *see also Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir.2002) (petitioner established past persecution where he received death threats, was confronted by men seeking to bribe him, and was chased by men with weapons). Baldado testified and stated in his application that these events occurred because of his support for an anti-communist organization that was opposed to the NPA. *See Shoafera v. INS*, 228 F.3d 1070, 1075 (9th Cir.2000) (a petitioner's "uncontroverted and credible testimony is sufficient" to establish that persecution was on account of a protected ground); *see also Popova v. INS*, 273 F.3d 1251, 1258–59 (9th Cir.2001) (finding that the "series of events, viewed in their entirety, lead[s] to the conclusion" that they were on account of a protected ground).

Because Baldado has established past persecution, he is entitled to a rebuttable presumption of a well-founded future persecution and of eligibility for withholding of removal. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1078–79 (9th Cir.2004). Accordingly, we remand for a determination, in the first instance, whether the government has met its burden of rebutting those presumptions. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Baldado has failed to exhaust his claim for humanitarian asylum by failing to raise it before the BIA, and we have no jurisdiction to consider it. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

The government's remaining contentions are without merit.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.